IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio L. Jones,<br><br>        Plaintiff,<br><br>v.<br><br>Mediko, Inc.; Phillip Thompson; Marcus Rhodes; Cpl. Marcinkiewicz; Officer Browning; Officer Brandon Dicosimo; Sgt. Lauzan; Officer Barrow; Officer Sapp; Officer Hoskins; Cpl. Bishop; Officer Sanders; Officer Hollywood; Elizabeth (Mediko); L. Lagan; Jessica (Mediko); D. Winns; K. Krystanowicz; Shanitra (Mediko); Rena (Mediko); Danielle (Mediko); Carmen (Mediko); Rachel (Mediko); Beth Lawson; Adrian Small; Michael (Mediko); Shaunette (Mediko); and Squires (Mediko),<br><br>        Defendants. | C/A No. 5:22-2387-JFA-KDW<br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff, Antonio L. Jones ("Plaintiff") proceeding *pro se* and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

There have been four dispositive Motions (ECF Nos. 60, 79, 80, & 81) filed in this case and two Reports and Recommendations (ECF Nos. 90 & 92). This Court will address the two Reports separately.

The first Report and Recommendation addresses the three dispositive motions filed on December 28, 2022. (ECF Nos. 79, 80, & 81). On this day, Defendants Carmen, Jessica, L. Lagan, Michael, Rachel, Rena, Shanitra, Shaunette, Adrian Small, and Squires filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF. No. 79). Further, Defendants Danielle, Dr. Garman, Jamie, K. Krystanowicz, Beth Lawson, and Mediko, Inc. filed a motion for summary judgement. (ECF No. 80). Finally, Defendants Officer Barrow, Cpl. Bishop, Brandon Dicosimo, Sgt. Lauzan, and Officer Sapp filed a motion for summary judgment. (ECF No. 81). Despite a Roseboro Order and an extension of time to respond, Plaintiff failed to respond in any way to these motions. (ECF Nos. 82 & 88).

The second Report and Recommendation addresses the motion to dismiss that was filed on September 20, 2022 by Defendants Officer Barrow, Cpl. Bishop, Officer Browning, Brandon Dicosimo, Officer Hollywood, Officer Hoskins, Sgt. Lauzan, Cpl. Marcinkiewicz, Marcus Rhodes, Officer Sanders, Officer Sapp, and Phillip Thompson. (ECF No. 60). Plaintiff responded to this motion on October 13, 2022. (ECF No. 67).

The Reports[1] set forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Both

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court.

2

Reports were entered on the docket on April 5, 2023. (ECF Nos. 90 & 92). Plaintiff had a right to file objections by April 20, 2023. *Id.* However, Plaintiff failed to file any objections or otherwise respond. Thus, this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The legal standard employed in a motion to dismiss for failure to state a claim and motion for summary judgment is well-settled and correctly stated within the Reports. Accordingly, that standard is incorporated herein without a recitation.

### III. DISCUSSION

As stated above, this Court will address the two Reports separately. The relevant facts and standards on this matter are incorporated from each Report.

#### a. First Report (ECF No. 90)

The first Report addresses the three dispositive motions filed on December 28, 2022, (ECF Nos. 79, 80, & 81) and opines this Court should dismiss Plaintiff's Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 90). After the motions were filed, on January 3, 2023, the Magistrate Judge issued a *Roseboro* Order advising Plaintiff of the importance of the motions and the need for him to file an adequate response. (ECF No. 82). *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Notwithstanding the specific warning and instructions set forth in the Magistrate Judge's Roseboro Order as well as the grant of two extensions to respond, Plaintiff failed to file any response to these three motions. To date, Plaintiff has not filed anything with the Court since January 20, 2023, and importantly, has not objected to the Report's recommendation to dismiss his suit. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Thus, the first Report is adopted in full. (ECF No. 90). The motions to dismiss filed by Defendants Carmen, Jessica, L. Lagan, Michael, Rachel, Rena, Shanitra, Shaunette,

4

Adrian Small, Squires, Danielle, Dr. Garman, Jamie, K. Krystanowicz, Beth Lawson, Mediko, Inc., Officer Barrow, Cpl. Bishop, Brandon Dicosimo, Sgt. Lauzan, and Officer Sapp are granted. (ECF Nos. 79, 80, & 81).

 b. **Second Report (ECF No. 92)**

The second Report addresses the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Officer Barrow, Cpl. Bishop, Officer Browning, Brandon Dicosimo, Officer Hollywood, Officer Hoskins, Sgt. Lauzan, Cpl. Marcinkiewicz, Marcus Rhodes, Officer Sanders, Officer Sapp, and Phillip Thomson (collectively referred to as the "HCSO Defendants").[2] After Plaintiff filed his Response in opposition (ECF No. 67), the Magistrate Judge prepared a thorough Report which analyzed the parties' arguments and ultimately concluded Plaintiff failed to state a claim for relief and as such, recommends Defendants' motion be granted.

First, the Report addresses Defendants' argument that they are immune from Plaintiff's suit pursuant to the Eleventh Amendment of the United States Constitution. As Plaintiff does not raise this argument in his response in opposition, the Report agrees with Defendants and finds to the extent they are sued in their official capacity, they are immune from suit based on the Eleventh Amendment. Plaintiff also did not assert an objection to the Report's conclusion on this basis, and therefore, this Court agrees with the Report's finding on this basis.

---

[2] The Report uses the acronym "HCSO" to refer to Horry County Sherriff's Office, which Plaintiff alleges is the employer for at least some of these Defendants.

5

The Report also finds Plaintiff's request for injunctive relief is moot. In his Complaint, Plaintiff seeks "immediate and permanent injunction" to stop Defendants from retaliatory acts committed during the remainder of his stay at JRLDC. However, Plaintiff is now housed at a different facility. As Plaintiff did not file an objection to the Report's conclusion on this basis, this Court agrees with the Report and finds Plaintiff's request for injunctive relief is moot.

Finally, the Report addresses Plaintiff's § 1983 claims. As to Defendants Rhode and Thompson, the Report recommends the claims against them be dismissed because Plaintiff did not include any specific allegations in his Complaint against them and appears to have only included them in this suit due to their supervisory employment status. As the Report correctly states, the doctrine of respondeat superior is inapplicable in §1983 cases and as such, to assert a claim against a supervisor, Plaintiff must have alleged these Defendants engaged in activity that could be considered indifference or tacit authorization of other employees' misconduct. The Report finds Plaintiff's claims do not assert as much, and therefore, the claims against these Defendants should be dismissed. This Court agrees. Because Plaintiff did not file any objections to the Report's conclusion on this basis, this Court may adopt the Report's conclusion in full without explanation.

As for the remaining Defendants, they argue Plaintiff failed to plead allegations that would establish a claim for deliberate indifference against them. The Report agrees. The Report independently considers each Defendant and the respective allegations against them to determine whether Plaintiff has sufficiently stated a claim for relief. After a thorough review, the Report finds Plaintiff's allegations against these Defendants do not state a claim

for deliberate indifference. This Court agrees, and once again, Plaintiff did not file an objection to the Report's conclusion on this basis. Therefore, the Report is adopted, and the remaining Defendants are also dismissed.

IV.  **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, and the Reports, this Court finds the Magistrate Judge fairly and accurately summarizes the facts and applies the correct principles of law and incorporates the Reports herein by reference. (ECF Nos. 90 & 92). Consequently, Defendants' motions are granted (ECF Nos. 60, 79, 80, 81) and Plaintiff's complaint (ECF No. 1) is dismissed with prejudice.

IT IS SO ORDERED.

May 23, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge